UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: _____

AMERICAN CONTRACTORS
INSURANCE COMPANY RISK
RETENTION GROUP,

      Plaintiff,

vs.

ZURICH AMERICAN INSURANCE
COMPANY,

      Defendant.
_____/

## COMPLAINT

Plaintiff, AMERICAN CONTRACTORS INSURANCE COMPANY RISK RETENTION GROUP ("ACIG") files this Complaint against Defendant, ZURICH AMERICAN INSURANCE COMPANY ("Zurich"), and states as follows:

### PARTIES

1. American Contractors Insurance Company Risk Retention Group is a Texas corporation with its principal place of business in the State of Texas.

2. Zurich American Insurance Company is a New York corporation with its principal place of business in the State of New York and is doing business in the State of Florida. Zurich may be served with process by serving its registered agent, Chief Financial Officer, 200 E. Gaines St., Tallahassee, FL 32399-0000.

### JURISDICTION

3. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. §2201 to determine whether there is coverage under a policy of insurance; and §1332(a),

as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## VENUE

4. Venue is proper pursuant to 28 U.S.C. §1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS GIVING RISE TO CONTROVERSY

5. ACIG provides commercial general liability ("CGL") insurance to Danella Construction Corporation ("Danella").

6. Danella entered into a contract with Florida Power and Light Company ("FPLC"), for the performance of construction work at the Port of Miami ("General Contract"). In turn, Danella entered into a subcontract with Delta Directional, LLC ("Delta") for directional bore work (the "Subcontract"). *See* **Exhibit "A"** attached.

7. The Subcontract required Delta to maintain a commercial general liability insurance policy, and further provided:

> (b) All insurance policies required to be maintained by [Delta] shall (i) be written to insure losses on an "occurrence basis," (ii) be primary and non-contributory to any insurance otherwise carried by [Danella] or [FPLC], …
>
> (c) [Danella], and [FPLC], and any owner, mortgage, ground lessee, or other party with an interest in the Project, and each of their affiliates, officers, directors, employees, and agents, shall be named as an additional insured on all liability insurance policies required hereunder, with the exception of worker's compensation, employers liability insurance, and automobile liability.

8. The Subcontract further required that "[s]uch insurance be kept in full force and effect until acceptance of the Work by [Danella] and [FPLC]." The work was accepted and approved to be paid on September 16, 2008.

2

9.  The Subcontract also bound Delta to the terms of Danella's contract with FPLC, and required Delta to assume toward Danella all obligations and responsibilities that Danella assumed toward FPLC under the General Contract, insofar as they were applicable to the Subcontract.

The Commercial General Liability Coverages Under the Policy

10. Delta obtained commercial general liability insurance policy number CPO 4896445-01, effective December 8, 2003 to December 8, 2004, from Zurich ("Zurich policy"). *See* **Exhibit "B"**. Danella is an additional insured on, and is entitled to coverage under the Zurich policy's additional insured endorsement, that provides in relevant part as follows:

> A.  **Section II – Who Is An Insured** is amended to include as an insured any person or organization for whom [Delta] are performing operations when [Delta] and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on [Delta's] policy. Such person or organization is an additional insured only with respect to liability arising out of [Delta's] ongoing operations performed for that insured. A person's or organization's status as an insured under this endorsement ends when [Delta's] operations for that insured are completed.

11. The coverage provided to Danella as an additional insured under the Zurich policy is primary to the coverage provided under the ACIG policy, pursuant to the terms of the Subcontract, the Zurich policy, and the ACIG policy. As stated above, the Subcontract requires that the additional insured coverage provided to Danella be primary and non-contributory to any insurance otherwise carried by Danella. In addition, the Zurich policy expressly states that it is primary except in certain circumstances, none of which apply in this case.

3

12. Further, the ACIG policy's "other insurance" provision provides:

   b. Excess Insurance

   This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis:

   ...

   (5) That is valid and collectible liability insurance provided on [Danella's] behalf by another party such as an owner or subcontractor as a result of that party including [Danella] as an insured in its liability policy in compliance with a contract or agreement....

13. On July 31, 2004, prior to Delta's completion of its work and fulfillment of the terms of the Subcontract and acceptance by Danella, Willie Walker, a longshoreman working for Universal Maritime Service Corporation, was seriously injured when he drove his top loader over an area of pavement that was covered, in part, by steel plates, and the ground caved in, causing his top loader to fall.

14. Willie Walker filed suit against Danella, Delta, and FPLC in the lawsuit styled *Willie R. Walker v. Florida Power & Light Company, et al.*, Case No. 08-29760CA15, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, claiming that the accident and his resulting injuries were the result of the defendants' negligence ("Underlying Lawsuit").

15. Danella provided Zurich with notice of the Underlying Lawsuit and tendered its demand for defense and indemnification, pursuant to the Subcontract and Zurich policy. Zurich accepted the tender and provided Danella a defense and agreed to indemnify Danella in the Underlying Lawsuit, but reserved its rights to later deny coverage. *See* **Exhibit "C"** attached.

16. On September 29, 2010, the jury rendered a verdict against Danella in the Underlying Lawsuit. Prior to the unsealing of the damages verdict, the parties entered into a

4

confidential settlement agreement, including the ACIG policy limit. The sealed damages verdict was in favor of Willie Walker for a sum far in excess of the settlement.

17. Despite its contractual obligation to indemnify Danella for the settlement of the Underlying Lawsuit, Zurich has failed and refused to indemnify Danella for any portion of the settlement amount, and ACIG, as the CGL insurer for Danella, has been forced to incur $2,000,000 of the total amount of the settlement in the Underlying Lawsuit. ACIG is entitled to recover that amount from Zurich.

18. Danella has assigned ACIG any and all rights Danella has against any third party related to or arising out of the facts made the basis of the Underlying Lawsuit, including recovery of any payments by Danella to settle the case. The agreement between Danella and ACIG also provides that ACIG is subrogated to any and all rights Danella has against any third party related to or arising out of the facts made the basis of the Underlying Lawsuit.

## FIRST CAUSE OF ACTION – DECLARATORY JUDGMENT

19. ACIG realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

20. This is an action for declaratory judgment pursuant to the Florida declaratory judgment statutes, F.S.A. §86.011, *et seq.* and the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

21. An actual controversy of a judicial nature exists between ACIG and Zurich regarding Zurich's obligation to indemnify Danella for the settlement of the claims made against Danella in the Underlying Lawsuit. The resolution of this controversy is dependent upon an analysis of the insurance policy issued by Zurich that provides additional insured coverage to Danella, ACIG's insured.

22. The settlement of the claims against Danella in the Underlying Lawsuit is within the scope of coverage of the Zurich policy and Danella has complied with the conditions precedent under that policy. Further, coverage under the Zurich policy is primary and non-contributory to that provided under the ACIG policy. Despite the fact that the settlement in the Underlying Lawsuit constituted damages within the scope of coverage of the Zurich policy, Zurich failed and refused to indemnify Danella for the amount of the settlement. As a result, ACIG was forced to incur $2,000,000 of the total amount of the settlement in the Underlying Lawsuit and has been damaged in the amount of $2,000,000. ACIG also has been damaged in the amount of its attorneys' fees and costs incurred in this action.

23. ACIG seeks the declaration of this Court that Zurich owed a duty to indemnify Danella for the settlement of the claims made against Danella in the Underlying Lawsuit. ACIG also seeks a declaration that the coverage provided under the Zurich policy is primary and non-contributory to the coverage provided under the ACIG policy, and that Zurich is obligated to reimburse ACIG for the $2,000,000 that ACIG was forced to pay to settle the claims made against Danella in the Underlying Lawsuit. In addition, ACIG seeks a declaration that Zurich is obligated to pay ACIG's attorneys fees and costs incurred in this action, pursuant to Florida Statutes §627.428.

### SECOND CAUSE OF ACTION – BREACH OF CONTRACT

24. ACIG realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

25. The settlement of the claims made against Danella in the Underlying Lawsuit is within the scope of coverage of the Zurich policy, and coverage under the Zurich policy is primary and non-contributory to that provided under the ACIG policy. Therefore, Zurich was

contractually obligated to indemnify Danella for the settlement, pursuant to the terms of the Zurich policy.

26. Danella has complied with all of the conditions precedent to indemnification under the Zurich policy. Despite its contractual obligations under the Zurich policy, Zurich has failed and refused to fulfill its contractual obligations to Danella. Zurich's denial of coverage constitutes a breach of the insurance contract by Zurich.

27. As a result of Zurich's breach of contract, ACIG, as Danella's assignee and subrogee, is entitled to recover the damages incurred as a result of Zurich's breach, including the $2,000,000 ACIG was forced to pay to settle the claims made against Danella in the Underlying Lawsuit, as well as its attorneys' fees and costs incurred in pursuing the current action.

## THIRD CAUSE OF ACTION -- SUBROGATION

28. ACIG realleges and incorporates by reference the allegations contained in paragraphs 1 through 18 above.

29. The coverage afforded Danella as an additional insured under the Zurich policy is primary to the coverage available under the CGL policy issued by ACIG, and Zurich had a duty to indemnify Danella for the settlement of the claims made against Danella in the Underlying Lawsuit.

30. As a result of Zurich's failure and refusal to indemnify Danella for the settlement of the claims made against Danella in the Underlying Lawsuit, and in order to protect its interests and those of its insured, Danella, ACIG was forced to incur $2,000,000 of the total amount of the settlement in the Underlying Lawsuit and has been damaged in the amount of $2,000,000.

31.   In addition, Danella and ACIG have executed a written agreement stating ACIG is subrogated to any and all rights Danella has against any third party related to or arising out of the facts made the basis of the Underlying Lawsuit.

32.   Subrogation will not work any injustice to the rights of a third party, and ACIG is entitled to recover the amount paid by ACIG to settle the claims made against Danella in the Underlying Lawsuit, as well as its attorneys' fees and costs incurred in pursuing the current action.

WHEREFORE, ACIG requests the Court grant it the following relief:

(1)   A declaration by this Court that Zurich owed a duty to indemnify Danella for the settlement of the claims made against Danella in the Underlying Lawsuit;

(2)   A declaration by this Court that the coverage provided under the Zurich policy is primary and non-contributory to the coverage provided under the ACIG policy, and that Zurich is obligated to reimburse ACIG for the $2,000,000 that ACIG was forced to pay to settle the claims made against Danella in the Underlying Lawsuit;

(3)   Judgment against Zurich in the amount of the settlement paid by ACIG in the Underlying Lawsuit, plus pre- and post judgment interest at the highest lawful rate;

(4)   Judgment that ACIG is entitled to recover its costs and expenses, including attorneys fees, in bringing this lawsuit; and

(5) Such other and further relief that the Court deems just and equitable under the circumstances.

DATED: December 14, 2010
Palm Beach Gardens, FL

Respectfully Submitted,

_____
Stephen A. Smith, Esq.
Florida Bar No. 0488194
E-Mail: ssmith@pallolaw.com
Pallo, Marks, Hernandez, Gechijian & DeMay, P.A.
4100 RCA Blvd., Suite 100
Palm Beach Gardens, FL 33410
Tel. No. (561) 624-1051
Fax No. (561) 624-7441
*Local Counsel for American Contractors Insurance Company Risk Retention Group*

and

Patrick J. Wielinski, Esq.
Texas Bar No. 21432450
E-Mail: pwielinski@cbylaw.com
Cokinos Bosien & Young
2221 East Lamar, Suite 750
Arlington, Texas 76006
Tel. No. (817) 635-3620
Fax No. (817) 635-3633
*Counsel for American Contractors Insurance Company Risk Retention Group*